UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MBMB MANAGEMENT, d/b/a Popeye's Chicken,<br><br>                              Plaintiff,<br><br>       v.<br><br>THE HARTFORD,<br><br>                              Defendant. | Civil Action No. 14-3901 (SRC)<br><br>OPINION |

**CHESLER**, District Judge

      This matter comes before the Court upon the motion filed by Defendant Twin City Fire Insurance Company (incorrectly named as "The Hartford") (hereinafter "Defendant") to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction. To date, Plaintiff MBMB Management d/b/a Popeye's Chicken ("Plaintiff") has not opposed the motion, despite the Court's extension of time from the original due date of September 22, 2014. For the reasons that follow, the Court will grant the motion to dismiss.

      Plaintiff initiated this action in federal court to recover defense and indemnity costs from Defendant, its workers' compensation insurance carrier, in connection with an underlying sexual harassment suit brought by an employee. Plaintiff had submitted a claim and tendered its defense to Defendant, but Defendant declined to cover the claim. According to the documents submitted by Defendant in support of this motion, coverage had been provided, however, under Plaintiff's general liability policy issued by Sentinel Insurance Company. This coverage included reimbursement for defense costs. Plaintiff exhausted the limits of its Sentinel policy in July 2013. The sexual harassment suit settled in August 2013 for $20,000. In the Complaint,

1

Plaintiff seeks to recover "the sums of money that it has expended for the litigation of the underlying matter and the amount tendered to settle said case." (Compl. ¶ 7.)

Defendant moves to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. It argues that although the Complaint purports to ground the Court's authority over this matter in diversity jurisdiction, pursuant to 28 U.S.C. § 1332(a)(1), the action fails to satisfy the jurisdictional amount in controversy requirement. Section 1332(a)(1) indeed provides that a district court may have original jurisdiction over a civil action between citizens of different States only if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)(1). Defendant acknowledges that Plaintiff seeks to recover $20,000, the amount it paid to settle the underlying lawsuit, plus any unreimbursed costs of defending that suit. It points, however, to the fact that the defense of the sexual harassment suit was covered until July 2013 by Plaintiff's general liability carrier and maintains that there is no indication from the Complaint that Plaintiff's costs from July 2013 to the resolution of the litigation in August 2013 would amount to an amount in excess of $55,000, i.e., the amount needed to meet the jurisdictional threshold.

It is well established that "[t]he 'party asserting a federal court's jurisdiction bears the burden of proving that jurisdiction exists,' and federal courts 'are presumed not to have jurisdiction without affirmative evidence of this fact.'" M3 Midstream LLC v. South Jersey Port Corp., 1 F. Supp. 3d 289, 294 (D.N.J. 2014) (quoting Nuveen Mun. Trust ex rel. Nuveen High Yield Mun. Bond Fund v. WithumSmith Brown, P.C., 692 F.3d 283, 293 (3d Cir. 2012)). As the proponent of subject matter jurisdiction, Plaintiff bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000. McNutt v. Gen. Motors Acceptance Corp. of Indiana, 298 U.S. 178, 189 (1936); Packard v. Provident Nat'l Bank, 994

F.2d 1039, 1045 (3d Cir. 1993).  The Complaint itself gives no indication that the amount required to satisfy § 1332(a)(1) is at issue in the claim asserted by Plaintiff.  And, having failed to oppose this motion, Plaintiff has presented no evidence to support its jurisdictional allegations.

Thus, the Court concludes that it lacks subject matter jurisdiction.  It must, accordingly, dismiss the action.  See Fed. R. Civ. P. 12(h)(3).  An appropriate order will be filed.


                                                                           s/ Stanley R. Chesler
                                                                           STANLEY R. CHESLER
                                                                     United States District Judge

Dated: October 27, 2014